**HILL, FARRER & BURRILL LLP**
Michael S. Turner (Bar No. 130101)
mturner@hillfarrer.com
Jenner C. Tseng (Bar No. 222459)
jtseng@hillfarrer.com
City National Plaza
515 S. Flower Street, 7th Floor
Los Angeles, California 90071
Telephone: 213.620.0460
Fax: 213.624.4840

Attorneys for Defendants ADVENTIST HEALTH, TENET HEALTHCARE CORPORATION, and SIERRA VISTA HOSPITAL, INC.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MARIA ARTHURS, an individual, and WESTON ARTHURS, an individual,

Plaintiffs,

v.

ADVENTIST HEALTH, TENET HEALTHCARE CORPORATION; and DOES 1-10,

Defendants.

Case No. 2:25-cv-06011-DFM

**STIPULATED PROTECTIVE ORDER**

Judge: Douglas F. McCormick

Defendants ADVENTIST HEALTH, TENET HEALTHCARE CORPORATION, and SIERRA VISTA HOSPITAL, INC. ("Defendants") and Plaintiffs MARIA ARTHURS and WESTON ARTHURS ("Plaintiffs") (collectively the "Parties") stipulate to and request that the Court enter the following Stipulated Protective Order:

1. **BACKGROUND**

1.1 Purpose and Limitations

Disclosure and discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from

public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The Parties agree to take care to limit any designation to specific material that qualifies under the appropriate standards below. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify.

1.2 Good Cause Statement

This action is likely to involve personal medical records, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, personal medical records, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), product or service ideas, inventions, lists of, or information relating to, employees and consultants including, but not limited to, the names, contact information, jobs, compensation, and expertise of such employees and consultants, lists of, or information relating to, suppliers and

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

customers, price lists, pricing methodologies, cost data, market share data, marketing plans, licenses, contract information, business plans, financial forecasts, historical financial data, budgets, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

2.1 Action: "Action" refers to the above litigation, *Maria Arthurs and Weston Arthurs v. Adventist Health*, *et al.*, Case No. 2:25-cv-06011-JPR, pending in the United States District Court for the Central District of California.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

(a) Highly Confidential Information – Attorney's Eyes Only: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as

specified above in the Good Cause Statement, that the Designating Party has not publicly disclosed and in good faith believes to contain highly confidential information that is not otherwise publicly available, and that is so sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage, may be produced with the designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Documents with this designation shall be viewed only by Outside Counsel of Record, In House Counsel, or testifying expert(s) retained in this case who have been given specific notice of this Order and have signed an agreement to be bound.

(b) Highly Confidential Information – Outside Counsel's Eyes Only: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, that the Designating Party has not publicly disclosed and in good faith believes to contain highly confidential information that is not otherwise publicly available, and that is so sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage, may be produced with the designation "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Documents with this designation shall be viewed only by Outside Counsel of Record for the Parties or testifying expert(s) retained in this case who have been given specific notice of this Order and have signed an agreement to be bound.

2.4 Counsel: Outside Counsel of Record and In House Counsel (as well as their support staff).

2.5 Designating Party: A Party or Non-Party that designates information or thing that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." The Party or Non-Party designating information or things as

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" bear the burden of establishing good cause for the confidentiality of all such information or items.

2.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 In House Counsel: Attorneys who are employees of a party to this Action. In House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

2.11 Party: Any party to this Action, including all its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

and their employees and subcontractors.

2.14 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"." Unless the confidentiality designation is challenged and (a) the Court decides such material is not entitled to protection as confidential; or (b) the Designating Party withdraws its confidentiality designation in writing.

2.15 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

4.1 Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

Each Party or Non-Party that designates information or things for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, things, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3 Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend"), or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL OCEO

legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and/or or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" and/or "HIGHLY CONFIDENTIAL" legend and/or "HIGHLY CONFIDENTIAL OCEO", as appropriate, to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

(c) For information produced in some form other than documentary and for any other tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and/or or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information warrants protection,

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Things. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses,

in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Things. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

(a) The Receiving Party's Counsel in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters and their staff;

(e) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4 Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Things. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or thing designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters and their staff;

(e) Professional jury or trial consultants, mock jurors, and

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or things designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" that Party must:

8.1 Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

8.2 Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

8.3 Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," Or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-

Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

9.3 If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. **USE OF ARTIFICIAL INTELLIGENCE WITH PROTECTED MATERIAL**

10.1 Any Receiving Party and their Experts and Professional Vendors in possession of Protected Material shall not submit any of those Protected Materials, including but not limited to text files or summaries of said Protected Material to any open Generative Artificial Intelligence (AI) tool that is available to the public (e.g., ChatGPT or Gemini), so that the Protected Material is not further disclosed or used in a manner inconsistent with this Order.

10.2 Providing Protected Material to an open Generative AI tool is considered disclosure to a Non-Party under the terms of this Order

10.3 Any Receiving Party and their Experts and Professional Vendors that submits such Protected Material to a closed Generative AI tool (e.g., a tool owned or licensed by such Party or is otherwise not available to the general public, including,

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

but not limited to CoCounsel, Lexis+ AI, or CoPilot) must ensure the Generative AI tool's settings:

(a) Prevent it from disclosing Protected Material to any Non-Party, including, but not limited to other users or developers of the Generative AI tool;

(b) Prevent it from learning from the Protected Material to fine-tune itself or for other purposes; and

(c) Allow for the deletion or destruction of any Protected Material supplied to it or contained in responses generated by it.

10.4 Providing Protected Material to a closed generative AI tool that cannot be set to prevent disclosure to Non-Parties or to delete or otherwise destroy information submitted to it or generated by it is considered disclosure to a Non-Party under the terms of this Order.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

13. **MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. **FINAL DISPOSITION**

14.1 After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, and (3) affirms that the Receiving Party and their Experts and Professional Vendors has used best efforts to destroy all Protected Material supplied to, accessed by, otherwise disclosed to, or contained in any responses generated by any Generative AI tool the Receiving Party used and that all such Protected Material has been destroyed to the extent practical. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15. **VIOLATIONS**

15.1 Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: September 30, 2026

Honorable Douglas F. McCormick
United States Magistrate Judge

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: September 14, 2026 HILL, FARRER & BURRILL LLP

By: [signature]
Michael S. Turner
Jenner C. Tseng
Attorneys for Defendants ADVENTIST HEALTH, TENET HEALTHCARE CORPORATION, and SIERRA VISTA HOSPITAL, INC.

DATED: September 14, 2026 UNDAUNTED LAW FIRM, P.C.

By: */s/ S. Tomiyo Stoner*
S. Tomiyo Stoner
Attorney for Plaintiffs MARIA ARTHURS and WESTON ARTHURS

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2), the filer, Jenner C. Tseng, attests that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in the filing's content and have authorized the filing.

DATED: September 14, 2026 HILL, FARRER & BURRILL LLP

By: ______________________________

Michael S. Turner
Jenner C. Tseng
Attorneys for Defendants ADVENTIST HEALTH, TENET HEALTHCARE CORPORATION, and SIERRA VISTA HOSPITAL, INC.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

EXHIBIT A TO STIPULATED PROTECTIVE ORDER

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________________________ [print or type full name], of ________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Maria Arthurs and Weston Arthurs v. Adventist Health, et al.*, Case No. 2:25-cv-06011-JPR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint __________________________________ [print or type full name] of ________________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Printed name: _____________________

Signature: _______________________

Date: ____________________________

City and State where sworn and signed: _________________________

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
CITY NATIONAL PLAZA
515 S. FLOWER STREET, 7TH FLOOR
LOS ANGELES, CALIFORNIA 90071

# PROOF OF SERVICE

**2:25-cv-06011-JPR**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is City National Plaza, 515 S. Flower Street, 7th Floor, Los Angeles, CA 90071.

On September 22, 2026, I served true copies of the following document(s) described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

S. Tomiyo Stoner, Esq.
Undaunted Law Firm, P.C.
650 California Street, 7th Floor
San Francisco, CA 94108
Email: tstoner@undauntedlaw.com

***Attorneys for Plaintiffs***
***Maria Arthurs and Weston Arthurs***

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jperez@hillfarrer.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 22, 2026, at Los Angeles, California.

Josefina Perez